# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-81176-WRS
                                                   Chapter 13
SHARON PEOPLES,

     Debtor

## MEMORANDUM DECISION

### I. FACTS

This Chapter 13 case came before the Court for hearing on April 13, 2005. The Debtor was present by counsel David Clark and Chapter 13 Trustee Curtis C. Reding was also present. The Chapter 13 Trustee objects to a "Notice of Sale" which was filed by the Debtor. (Docs. 33, 35). The Court will first review the history of this case.

The Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on August 13, 2004. The Debtor reports, on Schedule A, that she owned interests in three residences, two of which are located in Tuskegee, Alabama, which are rented to others, and a third residence in Montgomery, in which the Debtor resides. On Schedule I, the Debtor reports rental income from the properties. The Debtor filed a Chapter 13 Plan wherein she proposes to keep all of the residential property and pay her creditors 100% of the amount of their claims. The rental income from the properties is one of the sources of income from which the Plan is to be funded. This Court confirmed the Debtor's Chapter 13 Plan on October 27, 2004. (Doc. 15).

On March 11, 2005, the Debtor filed a "Notice of Intent to Sell Property." (Doc. 33). In this "Notice," the Debtor proposes to sell one of the Tuskegee residences, which would realize approximately $25,000 in equity and use that equity, at least in part, to cure mortgage arrearages

on the remaining residences. The Trustee objects, contending that the equity should be used to pay unsecured creditors. (Doc. 35).

## II. PROCEDURE

Before reaching the merits of this controversy, the Court will first recast the procedural posture of this case. Rather than a "Notice of Intent to Sell," and the Trustee's objection, the Court will treat this proceeding as one on cross motions to modify the Debtor's Chapter 13 Plan, after confirmation, pursuant to 11 U.S.C. § 1329; see also, Rule 3015(g), Fed. R. Bankr. P.

## III. DISCUSSION

The Debtor confirmed her Chapter 13 Plan premised, in part, on the pledge that rental income would be used to fund the Plan. By selling the rental property, that income stream will be diminished. If the Debtor is permitted to keep the proceeds from the sale of the property, it would appear that she would violate the terms of her confirmed Chapter 13 Plan as well as the "best interests of the creditors" test. 11 U.S.C. § 1325(a)(4).

A Chapter 13 Plan may be modified to reduce the time for payments. 11 U.S.C. § 1329(a)(1). The provisions of 11 U.S.C. § 1322(a) and § 1322(b) have been met. 11 U.S.C. § 1329(b)(1). The provisions of § 1323(c) are not applicable here. Therefore, modification of the Debtor's Plan complies with all relevant Bankruptcy Code provisions.

This case is analogous to one handed down two years by this Court. In re: Thomas, 291 B.R. 189 (Bankr. M.D. Ala. 2003). In Thomas, a Chapter 13 Debtor's residence was destroyed

by fire, giving rise to insurance proceeds. Citing § 1329, this Court permitted the Trustee to modify the Plan, to use the nonexempt proceeds to fund the Plan.

### III.  CONCLUSION

Having carefully examined this matter, the Court finds that modification of the Debtor's Chapter 13 Plan is appropriate.  The Court will, by way of a separate Order, treat the Trustee's objection to the Debtor's Notice of Intent to Sell, as a motion to modify the Debtor's Plan and rule for the Trustee.

Done this 27th day of April, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David S. Clark, Attorney for Debtor
   Curtis C. Reding, Trustee